IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:08-CR-00335-F-1
No. 5:13-CV-00803-F

| | | |
|---|---|---|
| LARRY J. FOGG, | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
|     Respondent. | ) | |

This matter is before the court is Larry J. Fogg's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [DE-25] and Request for Leave to Supplement [DE-44]. Also before the court is the Government's Motion to Dismiss or, in the Alternative, for Summary Judgment [DE-32]. The issues have been fully briefed, and the matter is now ripe for ruling. For the reasons more fully stated below, Fogg's Request for Leave to Supplement is ALLOWED, Fogg's § 2255 motion is ALLOWED, and the Government's Motion to Dismiss or, in the Alternative, for Summary Judgment is DENIED.

In his Request for Leave to Supplement, Fogg argues that pursuant to *United States v. Newbold*, 791 F.3d 455 (4th Cir. 2015), he is no longer eligible for the sentencing enhancement contained in 18 U.S.C. § 924(e). To be eligible for a sentencing enhancement under § 924(e)(1), Fogg must have sustained three previous convictions for a violent felony, serious drug offense, or both, prior to the commission of the instant offense. A "serious drug offense" requires a "maximum term of imprisonment of ten years or more [to be] prescribed by law. 18 U.S.C. § 924(e)(2).

In *Newbold*, the Fourth Circuit applied *United States v. Simmons*, 649 F.3d 237 (4th Cir.

2011) (en banc), to determine whether a North Carolina sentence imposed under the Fair Sentencing Act qualified as a serious drug offense for purposes of § 924(e)(2)(A). *Newbold*, 791 F.3d at 463. The court looked to the presumptive sentence that an offense carried and whether the defendant's state court judgment has "aggravating factors supporting a sentence within the aggravated range," that is, a sentence above the presumptive sentence. *Id.* The court required the existence of aggravating factors even when the defendant received a consolidated sentence with other offenses. *Id.*

In its Response, the Government notes that given the Fourth Circuit's holding in *Newbold*, and given that Fogg does not have a third qualifying violent felony or serious drug offense, his sentence exceeded the statutory maximum as a result of § 924(e). Response [DE-46] at 2. The Government concedes that Fogg's sentence should be vacated, and he should be promptly resentenced without the § 924(e) enhancement. *Id.* at 2-3.

In light of the foregoing, including the Government's concessions, Fogg's § 2255 motion [DE-25] is ALLOWED. Fogg's May 13, 2009 Judgment [DE-20] of conviction and sentence hereby is VACATED, and he is to be promptly resentenced without the § 924(e) enhancement. Fogg's Request for Leave to Supplement [DE-44] is ALLOWED, and the Government's Motion to Dismiss or, in the Alternative, for Summary Judgment [DE-32] is DENIED.

A certificate of appealability will not issue unless there has been "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336-38

2

(2003). However, when a district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable, and that the motion states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484-85. The court has reviewed the arguments raised, and in light of the applicable standard, a certificate of appealability is DENIED.

SO ORDERED.

This, the 13 day of November, 2015.

*James C. Fox*
JAMES C. FOX
Senior United States District Judge